**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

NICK McCULLAR,                                                              PLAINTIFF

v.                                    3:26CV00165-BSM-JTK

DOES, et al.                                                              DEFENDANTS

## ORDER

Nick McCullar ("Plaintiff") is in custody at the Mississippi County, Arkansas, Detention Center ("Detention Center").  (Doc. No. 1).   Plaintiff submitted a one-page document that was filed as a Complaint to initiate a civil rights action.   (Id.).

Because Plaintiff's Complaint did not name a defendant or contain other information required by Rule 8 of the Federal Rules of Civil Procedure, the Court gave Plaintiff the chance to file a superseding Amended Complaint.   Plaintiff has filed an Amended Complaint.   (Doc. No. 4).   The Court must Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA").

## I.      Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).   See also 28 U.S.C. § 1918(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II. Facts and Analysis

In his Amended Complaint, Plaintiff sued Jailer Jacob Sloan and Captain Bo McCullom in their personal and official capacities. (Doc. No. 4). Plaintiff alleges unlawful conditions of confinement and due process violations. (Id. at 4-6). Another individual, Mitchell Carruth, is listed as a plaintiff in the Complaint. (Id. at 1). Mr. Carruth also signed the Complaint. (Id. at 7). The Clerk of the Court opened a separate action for the additional plaintiff. The related case is: Carruth v. Sloan, et al., 3:26-cv-00186-BSM-JTK (E.D. Ark.).

### A. Plaintiff May Not Represent Others

"[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm." Hollingsworth v. Perry, 570 U.S. 693, 704 (2013). See also 42 U.S.C. § 1983 (establishing liability "to the party injured). To the extent a plaintiff alleges that a defendant's actions harmed others, the plaintiff generally lacks standing to bring that claim. Hodak v. City of St. Peters, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" (internal citation omitted)).

Further, pro se litigants are not authorized to represent the rights, claims, and interests of other parties in any cause of action. Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320,

2

1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); cf. Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity.").

To the extent Plaintiff alleged harm to another, those claims fail.

**B.    Personal Capacity Claims**

Plaintiff brought his claims under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

Because all allegations in the Amended Complaint are written in the first person—"I"—it is not possible for the Court to determine which allegations are being made by Plaintiff.

Plaintiff will be given the chance to file a superseding Second Amended Complaint to cure the defects in his pleading.

**C.    Official Capacity Claims**

Plaintiff sued Defendants in their personal and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional

3

injury.   Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).

Plaintiff has made no allegations to support an official capacity claim.

**D.    Superseding Second Amended Complaint**

Plaintiff may amend his Amended Complaint (Doc. No. 4) to cure the defects explained above.   If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Second Amended Complaint that contains in a single document his claims against all Defendants he is suing.   Plaintiff is cautioned that a Second Amended Complaint renders his Amended Complaint without legal effect.[1]   Only claims properly set out in the Second Amended Complaint will be allowed to proceed.   Therefore, Plaintiff's Second Amended Complaint should: **1) name as a Defendant each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible;   3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

If Plaintiff does not submit a Second Amended Complaint, the Court will recommend that Plaintiff's claims be dismissed without prejudice.   28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

**IV.    Conclusion**

IT IS, THEREFORE, ORDERED that:

1.    If Plaintiff wishes to submit a Second Amended Complaint for the Court's review, he must file the Second Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.   If Plaintiff does not submit a Second Amended Complaint, the Court will recommend that Plaintiff's claims be dismissed without prejudice.   28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

2.    The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.   Plaintiff is directed to use this form for his Second Amended Complaint if Plaintiff decides to submit a Second Amended Complaint.

Dated this 7th day of July, 2026.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE